WM. CLARK, Respondent, *v.* JACOB FRANK ET AL., Appellants.

### May 5, 1885.

1. CONTRACTS—RESTRAINT OF TRADE.—A contract whereby a purchaser, in consideration of certain rebates in prices, agrees to maintain a certain price in selling at retail the brand of goods thus purchased, is not a contract in restraint of trade.

2. —— BREACH OF.—The sale, by such purchaser, of such brand of goods at a lower price than that agreed upon is a breach of such a contract which will preclude him from claiming such rebates, notwithstanding the goods sold in violation of the contract were purchased of a third person.

APPEAL from the St. Louis Circuit Court, ADAMS, J. *Affirmed with ten per cent. damages.*

EBER PEACOCK and R. H. KERN, for the appellants : It was error in the court below to refuse to permit appellants to show that the "Clark's O. N. T." spool cotton that respondent's witnesses testified they bought of appellants, was thread of the class mentioned by those witnesses, but that the same had been bought by appellants of parties other than respondent, and that such cotton thread was not within the conditions of any agreement between the parties to the suit.—Story on Cont., 5th ed., 1st vol., p. 659, side page 682 ; *Pelz* v. *Eichele*, 62 Mo.

171, and cases cited therein ; *Lange* v. *W.*, 2 Ohio St.
R., p. 520; *Chappel* v. *Brockway*, 21 Wend. R., p. 159.

DOUGLASS & SCUDDER and KRUM & JONAS, for the re-
spondent.

THOMPSON, J., delivered the opinion of the court.

This was an action for the price of seven hundred
dozen spools of "Clark's O. N. T." thread, sold and de-
livered by the plaintiff to the defendants. The answer
admits the sale and delivery of the goods at the price
charged, but sets up a special contract, whereby it was
agreed that if the defendants should sell a certain quanti-
ty of the thread within six months they should receive a
credit of 4 per cent. on the amount charged for the same,
and also for the freight paid by them upon the same. The
plaintiff in reply denies these affirmative allegations.
The case was tried by a jury, and the plaintiff had a
verdict.

At the trial the plaintiff gave evidence tending to show
that the goods were sold to the defendants at the price
charged, and upon an agreement to allow the defend-
ants the credits, as stated in their answer, provided a given
number of the thread should be sold during the preced-
ing six months or twelve months, *and provided the de-
fendants should, during that time, strictly maintain
the trade price of the goods*, as fixed by the plaintiff;
that the defendants had not maintained such trade price,
but had sold at St. Louis during the period named
"Clark's O. N. T." spool cotton at less than such trade
price.

The defendants gave evidence tending to prove the ex-
istence of the contract with the plaintiff, as alleged in their
answer, without any proviso as to their maintaining the
trade price of the thread, and tending to show that they
h  1 not received any circular from the plaintiff contain-
ing this proviso as to the defendants maintaining the trade
price. They admitted that they sold "Clark's O. N. T."
thread during the period in question in St. Louis
at a price less than the trade price fixed by the plaintiff,.

but offered evidence tending to show that the thread which they had thus sold was not thread which they had bought of the plaintiff, but that it was thread which they had bought of other dealers. This evidence was, on the plaintiff's objection, excluded.

The court instructed the jury, in substance, that if the defendants had sold, during the period named, "Clark's O. N. T." thread at less than the trade price fixed by the plaintiff, they were not entitled to the credits claimed, although they had bought the thread which they had thus sold from other dealers.

It is thus seen that the substantial question presented is, whether, under the terms of the contract which the plaintiff gave evidence tending to prove, the defendants, in order to be entitled to the credits or rebates named, were bound not to sell the brand of thread in question at less than the trade price fixed by the plaintiff, no matter where purchased by them. We have no doubt that this was the meaning of the contract which the plaintiff's evidence tended to prove. It was in the form of a circular announcing the trade price for the year; stating the drawback which, on the 30th of June and 31st of December, would be allowed to those who should during the preceding six months sell a certain amount, or during the preceding twelve months sell a certain amount, and who should during that time strictly maintain the trade price of 65 cents per dozen; and other circulars, issued on succeeding years, reducing the trade price, and tendering the draw-backs named subject to the conditions of this first circular. The language and purpose of this circular are perfectly plain and unambiguous. The plaintiff simply offered a bonus to his customers for co-operating with him in maintaining the retail price of his goods as fixed by him, and they broke down this price just as effectually when they undersold such goods bought from other dealers as if they had undersold such as had been bought from the plaintiff.

We see no force in the argument that the agreement not to sell the goods at less than the trade price was void

as being in restraint of trade, so far as it related to goods which might be purchased of other dealers. If it were void, that fact would not help the defendants, for the plaintiff merely chose to say that he would allow certain drawbacks upon the performance of a certain condition. Now, whether the condition is good or bad the defendants, not having performed it, can not claim the drawbacks, for this would be to allow them not merely to reject so much of a contract as was void, but to make the plaintiff agree to do that which he never agreed to do.

We see nothing further in the points made by the appelants which requires discussion. The judgment will be affirmed with ten per cent. damages. All the judges concur.